Fuld, J.
In this case, as in Matter of Curatalo (Catherwood) (supra, p. 10), the Industrial Commissioner also appeals by our permission.
The claimants were employed as carpenters and timbermen by Tully & DiNapoli, Inc., a construction firm working on road construction projects in the New York City area. Their duties consisted of constructing wooden forms and performing other work in preparation for the pouring of concrete. On Monday, February 3, 1958, Local 282 of the Teamsters’ Union called an industry-wide strike. Among those who struck were the truck drivers of the Colonial Sand & Gravel Company, the outfit from which the employer obtained its concrete. As a result, since there were no deliveries of concrete to fill the wooden forms, the claimants were laid off on various dates over a period from Friday, January 31, the last working day preceding the strike, to February 7, some days after the strike began. The employer’s own dump truck drivers, who carted materials from one part of the project to another, also participated in the strike.
*16 The claimants’ application for full unemployment insurance benefits was rejected by the Industrial Commissioner and by the Referee. However, both the Appeal Board and a unanimous Appellate Division took a different view; it was their opinion that the employer’s decision to curtail operations and the claimants’ loss of employment occurred because of a combination of unfavorable weather and the strike of the Colonial Sand & Gravel truck drivers. It is clear that the claimants’ loss of employment was not attributable to the participation of the employer’s dump truck drivers in the Teamster strike. Rather, the effective action, insofar as the claimants were concerned, was taken by Colonial’s truck driver. For the reasons set out in Matter of Ferrara (Catherwood) (supra, p. 1), we conclude in this case, too, that the industrial controversy which gave rise to the layoff did not occur in the establishment in which the claimants were employed.
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Froessel, Burke and Foster concur with Judge Fuld; Judge Van Voorhis dissents and votes to reverse and to reinstate the determination of the Industrial Commissioner upon the ground that a restricted interpretation of the word “ establishment ” as used in subdivision 1 of section 592 of the Labor Law was not intended by the Legislature and would operate to defeat the purpose of the statute.
Order affirmed.